[Civ. No. 17628. Second Dist., Div. Two. Aug. 16, 1950.]

FRANKLIN COEN, Respondent, v. SUPERIOR OPTICAL COMPANY, INC. (a Corporation), Appellant.

Clyde Thomas for Appellant.

Redmond & Redmond for Respondent.

McCOMB, J.—Plaintiff as assignee of Fashion Zyl Co. brought an action on two common counts; first for goods, wares and merchandise sold and delivered of the reasonable value of $2,046.75, and second, to recover for goods, wares and merchandise sold defendant at the agreed price of $2,046.75.

Defendant filed an answer, a counterclaim, and a cross-complaint for damages. After trial before the court without a jury judgment was entered for the plaintiff for the sum sued for, predicated upon findings of fact and conclusions of law in favor of plaintiff. No judgment was entered on the cross-complaint.

*Facts:* The evidence disclosed that plaintiff's assignor had sold defendant Superior Optical Company spectacle frames of the value of $2,046.75.

*Contention: Defendant claims that the evidence is insufficient to sustain the findings of fact upon which the judgment was predicated and that certain findings are contrary to admissions in the pleadings.*

This contention is without merit. Examination of the record discloses substantial evidence to sustain each and every finding of fact upon which the judgment was necessarily predicated. There are certain immaterial findings which are contrary to admissions in the pleading. However, since the findings are immaterial they do not constitute a ground for reversal of the judgment. There are numerous conflicts in the evidence which the trier of fact resolved in favor of plaintiff and the court's finding is binding on appeal. Further discussion of the evidence would serve no useful purpose.

Likewise there is no merit in defendant's contention that a judgment was not entered on the cross-complaint. Findings of fact were made on all the material issues raised, and since these findings were contrary to defendant's contention a judgment if entered on the cross-complaint would

have been in favor of plaintiff and hence no prejudicial error has been shown by defendant.

Affirmed.

Moore, P. J., and Wilson, J., concurred.

A petition for a rehearing was denied September 1, 1950, and appellant's petition for a hearing by the Supreme Court was denied October 9, 1950.